**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CIVIL ACTION NO. 08-157-JGW**

**OMS SPORTS, LLC,**                                                                     **PLAINTIFF**

**v.**

**MIKE ALESSI, et al.,**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

**I. Background**

This breach of contract case was filed by plaintiff almost a year ago and was initially referred to the undersigned magistrate judge for pretrial management. *See* Doc. 28; 28 U.S.C. §636(b). The parties engaged in some fact discovery pursuant to the court's scheduling order but simultaneously pursued extra-judicial resolution through settlement. On or about April 30, 2009, the parties agreed upon the terms of a settlement. When defendants thereafter refused to execute the written settlement agreement, plaintiff filed a motion to enforce the settlement, as well as an award of their attorney's fees.

On May 25, 2009, defendants filed a response to plaintiff's motion and conceded that a settlement agreement had in fact been reached in this case, with the terms reflected as set forth in electronic mail correspondence between counsel attached as exhibits to both plaintiffs' motion and defendants' response. Defendants disputed only one of the terms of the settlement, involving plaintiff's negotiation with Suzuki, which defendants contend was mistakenly omitted from the initial draft of the settlement agreement. However, defendants oppose any award of attorney's fees.

To expedite resolution of what appeared to be an uncontested issue of settlement, the

court convened a telephonic hearing on June 5, 2009. Paul Boggs appeared on behalf of the plaintiff, and Jay Dickerson appeared on behalf of defendants. Doc. 39. The lone and relatively minor dispute was whether a collection assistance provision should have been included in the written settlement agreement. The parties agreed that the motion did not require an evidentiary hearing, and expressed hope that the settlement might be completed without formal court intervention. Although no formal order was entered to this effect, defendants were directed to pay the settlement amount of $125,000 in accordance with their agreement by June 22, 2009. During a brief follow-up conference, counsel orally consented to further disposition of this case by the undersigned magistrate judge pursuant to 28 U.S.C. §636(c) should court resolution be required. Doc. 40.

On June 25, 2009, the court convened a third telephonic conference concerning the pending motion to enforce settlement at which time the court granted defendants an additional week in which to make payment, with plaintiff to advise the court if no payment were received. Doc. 41. Local defense counsel advised that defendants had retained additional counsel in California but that the defendants intended to sign the written consent forms as previously agreed on June 9. Thereafter, all counsel filed written consent forms on behalf of their respective clients. Doc. ##42, 43, 45, 46. On July 14, 2009, the case was reassigned to the undersigned magistrate judge by the previously assigned district judge.

Just prior to the reassignment of this case to the undersigned, plaintiff's counsel filed a "supplement to motion of plaintiff to enforce settlement," seeking a sanction in the amount of $125,000 to be added to any judgment the court may issue pursuant to the still-pending motion to enforce judgment. Plaintiff also seeks an award of its attorney's fees in the amount of $3,437.00 incurred in connection with counsel's post-settlement efforts to collect the settlement

2

proceeds, and pre-judgment interest on the settlement amount. As grounds for the imposition of sanctions, plaintiff alleges that plaintiff received a check in the amount of $35,000 on July 2, 2009 - substantially less than the agreed settlement figure of $125,000. In addition, the tendered payment was made by personal check rather than by Cashier's check or certified funds as agreed upon. Nonetheless, plaintiff cashed the check without difficulty. In addition to defendants' failure to pay the agreed settlement amount, plaintiff seeks sanctions for the defendants' failure to timely file consent forms pursuant to 28 U.S.C. §636(c).

The defendants' time for filing a response to plaintiffs' supplemental motion for sanctions has not yet expired. However, on July 15, 2009 defense counsel filed a motion to withdraw as defendants' counsel, citing "irreconcilable differences.[1]"

## II. Analysis

### A. Original Motion To Enforce Settlement

Plaintiff's original motion to enforce the parties' settlement will be granted. As represented to this court in the telephonic conference held on June 5 as well as in the parties' memoranda and exhibits thereto, there simply is no factual or legal basis on which the defendants can dispute that they agreed upon all material terms to the settlement. The defendants concede as much in their response.

The sole dispute between the parties concerned whether Fred Bramblett was required to assist defendants in obtaining compounded earnings/compensation from Suzuki. I conclude based on the evidence submitted by both parties that such a term was intended to be included in

---

[1] The court notes that this is the second motion to withdraw filed by defense counsel. Initially, the defendants jointly retained both their current attorneys and Paul Schoonover of Dallas, Texas. However, Mr. Schoonover subsequently was granted leave to withdraw. Doc. 21.

3

the parties' settlement, although Mr. Bramblett's obligation to assist defendants constitutes a relatively minor term of the agreement. *See* Plaintiff's motion to enforce, PX 1. The term was inadvertently left out of the first draft of the written settlement agreement and release by plaintiff's counsel, but was included in later drafts. All material terms of the parties' agreement appear to be reflected in Exhibit A to the defendant's response, except for the timing of payment referenced in paragraphs 1(a) and 2(c), which continued to be the subject of negotiation.

The court's telephonic conferences related to the timing of defendants' payment to plaintiff. Given the parties' inability to resolve this small remaining dispute, the court will direct defendants to complete their payment within thirty (30) days of the date of this order.

### B.  Supplemental Motion for Sanctions

Plaintiff's supplemental motion for sanctions will be denied. Although the court orally directed all counsel to follow up their verbal assent to the transfer of this case to the undersigned magistrate judge for final disposition with written consent forms executed on behalf of their clients, the court did not include its instruction in a formal order. Neither plaintiff nor defendants perfectly adhered to the court's instructions; rather, even plaintiff's counsel had to follow up with a second consent form filed on behalf of his client, counter-defendant Fred Bramblett. Therefore, the court finds no sanction is warranted based upon defendants' failure to timely their written consent forms.

Similarly, the court finds no sanction warranted based upon defendants' failure to yet complete full payment to plaintiffs of the agreed upon settlement figure of $125,000.00. Until the date of this order, no judgment has been rendered and the parties' agreement has not been formally adopted by the court. It was clear from the court's multiple contacts with counsel that the parties hoped to resolve the matter without the need for a formal order; defendants should not

be sanctioned for continuing to work to do so.

### C. Defense Counsel's Motion To Withdraw

Defense counsel negotiated a settlement and does not dispute that settlement was reached on April 30, 2009. At that point in time and continuing up until July 15, defense counsel has ably represented the defendants. As early as the telephonic conference on June 5, 2009, and continuing through subsequent conferences with counsel, the court strongly suggested that plaintiff's virtually unopposed motion to enforce the settlement agreement would be granted. The court delayed entry of a formal ruling on the pending motion only to permit counsel additional time to resolve their remaining dispute extrajudicially, and to permit counsel time to file written consents to the jurisdiction of the magistrate judge designed to speed judicial resolution should it be required. It would be manifestly unfair and prejudicial to the plaintiff to permit withdrawal at this late date, on the eve of the entry of judgment in plaintiff's favor.[2]

### III. Conclusion and Order

For the reasons discussed herein, **IT IS ORDERED:**

1. Plaintiff's motion to compel enforcement of settlement agreement [Doc. 36] is **granted**, with judgment in plaintiff's favor to be entered forthwith;

2. The defendants shall pay the sum of $125,000.00 to plaintiff by cashier's funds or cash **within thirty (30) days of the date of this order**;

3. All material terms of the parties' settlement are reflected in Exhibit A to defendants' response to plaintiff's motion to compel enforcement [Doc. 37] except that the duty of plaintiff OMS and counter-defendant Bramblett to assist the defendants is not extinguished by

---

[2]Unlike prior defense counsel's motion to withdraw, the record reflects no remaining counsel who could proceed on defendants' behalf.

defendants' failure to complete payment of the settlement funds by May 14, 2009 because the parties did not reach agreement on the precise date of payment;

    4. Plaintiff's supplemental motion for sanctions [Doc. 44] is **denied**;

    5. Movants' Mark T. Hayden, James M. Dickerson and the firm of Greenebaum, Doll & McDonald, PLLC motions to withdraw [Doc. 48 & Doc. 49] are **denied**.

This the 17th day of July, 2009.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge